UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRISTOPHER S. HUTCHINS,

Plaintiff,

v.　　　　　　　　　　　　　　　　　　ACTION NO. 2:07cv174

CHARLES CAMPBELL, M.D.,
Primary Physician,
S. VANNO,
Nurse,
MS. BLOOMHURST,
Nurse,
MR. JOHNSON,
Deputy,
MR. PERKINS,
Deputy,
MR. THOMAS,
Master Deputy,
BERNIE MCCABE,
Sheriff, and
CORRECT CARE SOLUTIONS,
Medical Provider,

Defendants.

## ORDER

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983 to redress an alleged violation of his constitutional rights. Plaintiff alleges that he was denied necessary medication during the time he was incarcerated at Norfolk City Jail. Plaintiff seeks $500,000.00 in damages.

Plaintiff is ADVISED that under 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action who applies to proceed in forma pauperis must pay the full amount of the filing fee.[1] See 28 U.S.C. § 1914(a) (requiring payment of a full filing fee for all actions except petitions for writs of habeas corpus). Accordingly, if plaintiff chooses to pursue this action, he will be required to pay a filing fee of $350.00. However, if plaintiff is allowed to proceed in forma pauperis, he may pay the filing fee in installments. An initial partial filing fee will be assessed equal to twenty percent (20%) of the greater of (1) the average monthly deposits to plaintiff's inmate account or (2) the average monthly balance in plaintiff's inmate account for the six-month period immediately preceding the filing of this complaint. Thereafter, plaintiff is required to make monthly payments of twenty percent (20%) of the preceding month's income. Payments will be deducted automatically from plaintiff's inmate account and forwarded, by the institution at which plaintiff is incarcerated, to the Clerk in accordance with section 1915(b)(2). Payments will continue to be deducted even after the action has been resolved. However, if plaintiff does not wish to make installment payments, plaintiff may pay the entire $350.00 filing fee in one lump sum.

---

[1] The relevant portion of 28 U.S.C. § 1915 provides:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
    (A) the average monthly deposits to the prisoner's account; or
    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

If plaintiff wishes to proceed with this action, he is **ORDERED** to either sign the enclosed consent to collection of fees form and RETURN IT TO THE COURT or to submit the full filing fee in the amount of $350.00 within thirty (30) days from the date of this order. If plaintiff does not sign and return the consent to collection of fees form or submit the filing fee of $350.00 within the thirty-day period, the court will assume that plaintiff does not wish to pursue this action. Accordingly, plaintiff is ADVISED that failure to return the consent to collection of fees form, or to submit the full filing fee, will result in the DISMISSAL of this action. Plaintiff is ADVISED that if he does not wish to continue with this action at this time, he may move to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

Plaintiff is ADVISED that the court will not act upon any other motion, pleading, or request until any assessed initial partial filing fee has been paid. See 28 U.S.C. § 1914(c) (courts may require advance payment of mandatory filing fees); cf. Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982). Any document submitted in violation of this provision will be filed subject to defect. If plaintiff wishes the court to act on any such document, it must be resubmitted in its entirety after plaintiff has paid any required initial partial filing fee.

The Clerk is **DIRECTED** to send a copy of "Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint" to plaintiff. Plaintiff is **DIRECTED** to comply with the procedural requirements outlined in that document. Plaintiff is ADVISED that failure to comply with these requirements may result in the dismissal of this action. Plaintiff should maintain a copy of that document for reference throughout the course of this litigation.

The Clerk is **DIRECTED** to send a copy of this order, a copy of "Selected Procedural Information for Prisoners Who Have Filed a Civil Rights Complaint," and the consent to collection of fees form to plaintiff.

IT IS SO **ORDERED**.

/s/ WDK jr.
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

April 24, 2007